**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BENIGNA KUILAN,<br>     Appellant, | DOCKET NUMBER<br>CH-0752-18-0408-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>     Agency. | DATE: May 13, 2024 |

# THIS  FINAL ORDER IS NONPRECEDENTIAL[1]

Steve Newman, Esquire, New York, New York, for the appellant.

Kathleen D. Crawford, Esquire, and Deborah L. Lisy, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal from the Federal service.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.   Therefore, we DENY the petition for review.   Except as expressly MODIFIED to apply the disparate penalty analysis set forth in *Singh v. U.S. Postal Service*, 2022 MSPB 15, we AFFIRM the initial decision.

## BACKGROUND

At all times relevant to the present appeal, the appellant held the position of Customer Service Manager at the Roselle Branch of the Schaumburg Post Office.  Initial Appeal File (IAF), Tab 3, Tab 6 at 71, Tab 18 at 4.  The agency removed her based on the following charges:  (1) unacceptable conduct (misuse of U.S. Postal Service postage) and (2) providing false information during an official investigation.  IAF, Tab 6 at 36-42, 73-77.  The unacceptable conduct charge, which the deciding official sustained, related to a March 2017 incident in which the appellant, the senior official at the post office, reused postage on two packages and instructed a subordinate employee to process the packages.  IAF, Tab 6 at 36-38, 73-76, 102-27, Tab 18 at 5-6.  The deciding official also sustained the charge of providing false information during an official investigation, finding that the appellant had made statements during a predisciplinary interview that contradicted those made to the Office of Inspector General (OIG) special agents in which the appellant had admitted to the misconduct.  IAF, Tab 6 at 37-38, 122-23, Tab 18 at 5-6.

The appellant timely appealed her removal. IAF, Tabs 1, 3. After holding a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 21, Initial Decision (ID) at 1, 20. The administrative judge found that the agency proved the charge of unacceptable conduct by preponderant evidence,[2] making detailed credibility findings regarding the testimony of the appellant, deciding official, the OIG special agents who conducted the investigation into the alleged misconduct, and another agency employee who testified regarding similar behavior by the appellant at another post office. ID at 3-11. She gave no weight to the absence of video evidence of the appellant's misconduct, despite the appellant's argument that the agency's failure to produce such evidence was "suspect," noting that the existence of any such evidence was disputed by the agency. ID at 9-10. The administrative judge did not sustain the charge of providing false information during an official investigation, finding that the prediscplinary interview and oral reply during which the appellant provided contradictory statements to those she made to OIG investigators were not part of an official investigation. ID at 11-12.

Regarding the appellant's affirmative defenses, the administrative judge found that the appellant had waived her due process allegation by not addressing the issue at the hearing and had failed to show by preponderant evidence that discrimination on the basis of national origin (Hispanic) was a motivating factor in her removal. ID at 13-15. The appellant had alleged that she was subjected to disparate treatment compared to an African-American employee who had engaged in varied misconduct and had received lesser discipline. IAF, Tab 11 at 4-5. The administrative judge credited the testimony of the proposing and deciding officials that they did not make their respective decisions based on any discriminatory animus and found that nothing in the record rebutted their testimony. ID at 15. Finally, the administrative judge found that the agency had

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

established a nexus between the appellant's misconduct and the efficiency of the service and that the penalty of removal was reasonable. ID at 15-19.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant alleges that she was prejudiced by the agency's failure to provide video evidence of the incident that led the agency to propose and effectuate her removal. Petition for Review (PFR) File, Tab 1 at 3. She repeats her disparate penalty claim and asserts that the alleged comparator employee was given only a letter of warning for engaging in misconduct that caused a financial loss to the agency. *Id.* at 4. The appellant asserts that the administrative judge did not adequately consider her almost 18 years of Federal service with a "clear record" and her "word" that she did not engage in the alleged misconduct in upholding the agency's penalty. *Id.* at 5. Finally, she asks that the Board mitigate the penalty of removal to a demotion. *Id.* at 6.

The appellant has failed to provide a basis for disturbing the administrative judge's finding sustaining the charge of unacceptable conduct.

As stated in the initial decision, the charge of unacceptable conduct has no specific elements of proof but rather is established by proving that the employee committed the acts alleged. ID at 3 (citing *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 22 (2006), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012); *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 204 (1997)). The administrative judge found that the agency proved by preponderant evidence the narrative supporting the charge regarding the March 2017 incident in which the appellant mailed two packages using reused postage stamps. ID at 3-11. The proposing official testified that she had examined photographs of the stamps, since they could not remove a package from processing once it had been accepted into the U.S. mail, and referred the matter to OIG for investigation. ID at 3. The administrative judge credited the consistent testimony of the two OIG special agents who interviewed the appellant, took

contemporaneous notes of the appellant's responses (including her admission that she used reused stamps on both packages), and interviewed the subordinate employee to whom the appellant presented the packages for mailing. ID at 4-7.

In finding the testimony of the agency witnesses more credible than the appellant regarding the charged misconduct and affirmative defense, the administrative judge applied the appropriate factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 460 (1987). ID at 3-11. In particular, the administrative judge did not credit the appellant's denial during the hearing that she engaged in the misconduct or admitted to it during her OIG interview because her testimony was internally inconsistent and conflicted with the testimony of several witnesses (including one of the appellant's witnesses, who had no incentive to provide false testimony), and because her demeanor and body language during the hearing "indicated that she was not telling the truth." ID at 5-8. Finally, the administrative judge noted that the appellant had offered three different explanations of the incident during the disciplinary and appeal process and that the appellant's failure to adhere to a single consistent version rendered her varied explanations non-credible. ID at 8. The administrative judge made reasonable credibility determinations based on a review of the record as a whole, and we identify no basis to disturb them on review. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so).

Regarding the appellant's claim on review that she was prejudiced by the agency's failure to submit video evidence of the incident into the record, which she alleges would show that she did not engage in misconduct, she has not provided any evidence or argument that such evidence exists beyond her bare assertion. PFR File, Tab 1 at 3. The administrative judge correctly noted that the record is devoid of any evidence that the appellant requested that the agency produce any video evidence during the discovery process. ID at 10. The

administrative judge provided clear instructions regarding the discovery process in the acknowledgment order, and the appellant was represented by counsel. IAF, Tab 1 at 5, Tab 2 at 3. In these circumstances, we find that the administrative judge properly declined to draw an adverse inference based on the absence of any video evidence. ID at 10.

The appellant has not challenged, and we see no reason to disturb, the administrative judge's findings that she failed to prove her affirmative defense of discrimination on the basis of national origin (Hispanic), the agency failed to prove the charge of providing false information during an official investigation, or that the agency established a nexus between her misconduct and the efficiency of the service. PFR File, Tab 1 at 3-6; ID at 11-16; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987); *see also Haebe*, 288 F.3d at 1302.

The administrative judge properly sustained the penalty of removal.

When an agency proves fewer than all of its charges, the Board may not independently determine a reasonable penalty; it may mitigate to the maximum reasonably penalty so long as the agency has not indicated in its final decision or during proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges. *Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶ 14 (2005). The Board may impose the same penalty imposed by the agency if, after balancing the mitigating factors, it is the maximum reasonable penalty. *Id.* The Board's function with regard to its review of an agency's penalty selection is not to displace management's responsibility but to determine whether management exercised its judgment within the tolerable limits of reasonableness. *Id.* For the

following reasons, we agree with the administrative judge that the record supports the reasonableness of the removal penalty.

The administrative judge thoroughly discussed the detailed testimony of the deciding official regarding her consideration of the relevant *Douglas*[3] factors in sustaining the appellant's proposed removal. ID at 17-19; IAF, Tab 20. In particular, we agree with the administrative judge that the sustained misconduct is serious because the appellant acted for her own financial gain at the expense of the agency and that, as the senior employee, the appellant was expected to set the standard of conduct for the post office branch. ID at 17. The administrative judge properly noted that the appellant had acknowledged that she was on clear notice not to reuse stamps, and we agree with the administrative judge's explained finding that the mitigating factors of her length of Federal service and lack of prior discipline were insufficient to outweigh the seriousness of the misconduct. ID at 17-18. Finally, the record supports the deciding official's testimony that the appellant did not show remorse during her oral reply and instead questioned why the proposing official did not simply caution her not to engage in such misconduct in the future. ID at 19; IAF, Tab 6 at 52. Therefore, we find that the administrative judge properly found that the record supported the reasonableness of the removal penalty. ID at 19.

As to the appellant's allegation of disparate penalties, the Board has recently clarified that, in assessing such a claim, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Singh*, 2022 MSPB 15, ¶ 14. Proper comparators for disparate penalty purposes should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant, *id.*, ¶ 13, and the Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board set forth a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

were treated disparately, *id.*, ¶ 17. Although the administrative judge did not have the benefit of *Singh* when she issued the initial decision, we find that she properly found that the appellant failed to make an initial showing that the agency treated a similarly situated employee differently and thus failed to establish her claim of disparate penalties. ID at 18. Consistent with *Singh*, the administrative judge found that the employee the appellant identified as similarly situated had not engaged in similar misconduct, had never directed subordinates to violate a regulation for his personal benefit, and was a lower-level supervisor while the appellant was the senior official at the post office branch. ID at 18-19. The appellant's bare assertion on review that the alleged comparator had also caused a monetary loss to the agency in paying an employee for hours not worked does not render his misconduct similar to the sustained misconduct, and she fails to provide a basis for disturbing the administrative judge's finding that this employee was not a proper comparator for disparate penalty purposes. PFR File, Tab 1 at 4. Based on the foregoing, we find that the appellant has failed to establish that the agency knowingly and unjustifiably treated employees differently, as required under *Singh*, 2022 MSPB 15, ¶ 14.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                      _Gina K. Grippando_____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.